# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEM ADIL ABOBKR,<br><br>           Plaintiff,<br><br>   v.<br><br>M. MILLS, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:07-cv-00710-AWI-DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 14) |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.    Screening Requirement**

Plaintiff, Adem Adil Abobkr, ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action on May 14, 2007. On February 26, 2008, this Court dismissed plaintiff's complaint, with leave to file an amended complaint. On April 9, 2008, plaintiff filed an amended complaint (Doc. 14).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Summary of Plaintiff's Amended Complaint**

The events at issue in the instant action allegedly occurred at C.C.A. California City C.I., where plaintiff was incarcerated at the time of the allegations in his complaint. Plaintiff names as defendants: M. Mills, Programs Manager; D. Ayers, Chaplain; and Lopez, Teacher ("defendants") and alleges that they violated his right to free exercise of religion. Plaintiff is seeking monetary damages.

Plaintiff alleges that on February 7, 2007, defendant Mills prevented him from leading Muslim prayer, but allowed another inmate with no knowledge of the Quran or Arabic language to

2

1  lead prayer. Plaintiff alleges that the next day, he asked defendant Ayers if plaintiff could lead the
2  prayers, but Ayers agreed with Mills and prevented plaintiff from leading the prayer. Plaintiff
3  contends that as Chaplain it is defendant Ayers' responsibility to assist plaintiff in practicing his
4  religion.
5        Plaintiff alleges that, on March 30, 2007 and April 14, 2007, Lopez stopped him from
6  praying in the law library. Plaintiff also alleges that Lopez harassed and threatened him because he
7  filed a grievance and complaint with the Warden.

      **A.**    **Freedom of Religion**

9        The First Amendment to the United States Constitution provides that "Congress shall make
10 no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S.
11 Const., amend. I. Prisoners "retain protections afforded by the First Amendment," including the free
12 exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987).
13 However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many
14 privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id.
15 (quoting Price v. Johnson, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060 (1948)). "In order to establish
16 a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion,
17 by preventing him from engaging in conduct mandated by his faith, without any justification
18 reasonably related to legitimate penological interests." Freeman v. Arpaio,125 F.3d 732, 736 (9th
19 Cir. 1997). "In order to reach the level of a constitutional violation, the interference with one's
20 practice of religion 'must be more than an inconvenience; the burden must be substantial and an
21 interference with a tenet or belief that is central to religious doctrine.'" Freeman, 125 F.3d at 737
22 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).
23       "To ensure that courts afford appropriate deference to prison officials, . . . prison regulations
24 alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than
25 that ordinarily applied to alleged infringements of fundamental constitutional rights." O'Lone, 382
26 U.S. at 349. Under this standard, "when a prison regulation impinges on inmates' constitutional
27 rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner
28 v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987). First, "there must be a valid, rational connection

between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." Id. A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates." Id. at 90 (internal quotations and citation omitted). A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." Id. "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." Id.

Plaintiff alleges that defendants Mills and Ayers violated his right to the free exercise of religion when they did not allow him to lead the Muslim prayer and forced him to pray behind another less knowledgeable prisoner. Plaintiff has not sufficiently alleged that not being allowed to be the leader of a religious service is a substantial burden on plaintiff's exercise of religion. Plaintiff's allegation does not rise to the level of an interference with a central religious belief sufficient to violate plaintiff's constitutional rights.

Plaintiff alleges that Lopez violated his right to the free exercise of religion by stopping plaintiff from praying in the the law library on two occasions. Plaintiff has alleged insufficient facts for the court to determine whether these actions by Lopez constitute a substantial burden on plaintiff's exercise of religion, or rise to the level of an interference with a central religious belief sufficient to violate plaintiff's constitutional rights.

Plaintiff has not sufficiently alleged that he was prevented from engaging in conduct mandated by his faith, nor has he addressed whether any legitimate penological interests motivated the acts he complains of. Thus, plaintiff has failed to state a cognizable claim for violation of his constitutional rights to freely exercise his religion. The Court shall recommend that plaintiff's First Amendment Religion claim be dismissed, with prejudice.

**B.     Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment

retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in these activities. However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation. In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin, 367 F.3d at 1171 (retaliatory placement in administrative segregation for filing grievances); Bruce, 351 F.3d at 1288 (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt, 65 F.3d at 806 (retaliatory prison transfer and double-cell status); Valandingham, 866 F.2d at 1138 (inmate labeled a snitch and approached by other inmates and threatened with harm as a result); Rizzo, 778 F.2d at 530-32 (retaliatory reassignment out of vocational class and transfer to a different prison).

Plaintiff alleges that Lopez harassed and threatened him because plaintiff filed a grievance and complaint with the Warden. Plaintiff fails to allege what actions Lopez took to harass and threaten plaintiff; what grievance and/or complaint plaintiff had filed that was the basis for Lopez's

5

actions; and whether Lopez's actions reasonably advanced a legitimate correctional goal. Plaintiff fails to state a claim upon which relief may be granted against defendant Lopez for retaliation, in violation of the First Amendment. The Court shall recommend that plaintiff's retaliation claim be dismissed, with prejudice.

### III. Conclusion and Recommendation

The Court finds that Plaintiff's amended complaint fails to state any claims upon which relief may be granted. Plaintiff had been provided with the relevant legal standards applicable to his claims, but has not cured the deficiencies previously identified by the Court.

For the reasons set forth herein, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 15, 2008**            /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE